UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| A.K. SUDA, INC. | * | CIVIL ACTION NO. 04-532-C-M2 |
| | * | |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE NOLAND |
| AWC, INC., ROBERT E. DERECKTOR, | * | |
| INC., AND DERECKTOR SHIPYARDS | * | |
| CONNECTICUT, L.L.C. | * | JUDGE TYSON |

## AWC'S ANSWER TO CROSS-CLAIM

NOW INTO COURT, through undersigned counsel comes cross-defendant AWC, Inc. ("AWC"), and for its answer to defendants Robert E. Derecktor, Inc. and Derecktor Shipyards Connecticut, L.L.C.'s (collectively "Derecktor") cross-claim, denies each and every paragraph contained therein except those, if any, which are specifically admitted below. Further answering Derecktor's cross-claim paragraph by paragraph, AWC respectfully shows that:

1.

AWC admits that Derecktor has been made a defendant in the principal demand of A.K. Suda, Inc. ("Suda"), but denies all remaining allegations of paragraph 1 for lack of information sufficient to justify a belief.

2.

Paragraph 2 is admitted.

3.

AWC admits that Exhibit "A" to the cross-claim is a copy of its proposal for the subject work and that it received the two (2) page purchase order which is attached as part of Exhibit "B", but denies that it ever received or agreed to the "Standard Purchase Order Terms And Conditions" which is also attached as part of Exhibit "B". AWC further admits that Exhibit "C" represents a settlement

of its claim for payment of the original contract. AWC denies all further allegations of paragraph 3.

4.

AWC admits the allegations of paragraph 4 insofar as AWC has been sued by Suda, but shows that the complaint of Suda contains many allegations and is the best evidence of its contents. AWC further shows that Derecktor has not accurately summarized all of the allegations in the complaint. AWC denies all allegations which are contrary to the allegations contained in the complaint.

5.

Paragraph 5 is denied.

6.

Paragraph 6 is denied inasmuch as AWC was never provided with the alleged terms and conditions which are attached to the cross-claim and referenced in this paragraph; nor did AWC ever agree to such terms and conditions. Furthermore, AWC shows that the subject terms and conditions do not apply to any copyright violation which may have been committed by Derecktor.

7.

AWC admits that it entered a settlement agreement with Derecktor by letter dated June 9, 2003, but denies that the hold harmless provision of that agreement is applicable to the claims asserted by Suda in this litigation.

8.

Paragraph 8 is admitted insofar as AWC did receive correspondence from Derecktor dated August 10, 2004, and AWC has advised Derecktor that the hold harmless provision has absolutely

no application to the allegations of wrongdoing asserted against Derecktor in this litigation.

9.

Paragraph 9 is denied. AWC further shows that it owes no defense or indemnity obligations to Derecktor under the subject settlement agreement.

WHEREFORE, defendant AWC, prays that its answer to Derecktor's cross-claim be deemed good and sufficient, and that after due proceedings are had, the cross-claim of Derecktor be dismissed with prejudice at cross-claimant's costs. AWC further prays for all equitable and general relief.

By Attorneys:

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: 225/383-4703

By: _____
Richard F. Zimmerman, Jr., T.A.
Bar No. 13800
Travis B. Wilkinson
Bar No. 28806
Attorneys for AWC, Inc.

### CERTIFICATE

I hereby certify that a copy of the above and foregoing Answer to Cross Claim has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 5th day of October, 2004.

_____
Richard F. Zimmerman, Jr.

#130853

3