

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| A.K. SUDA, INC. | * | CIVIL ACTION NO. 04-532-C-M2 |
| | * | |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE NOLAND |
| AWC, INC., ROBERT E. DERECKTOR, | * | |
| INC., AND DERECKTOR SHIPYARDS | * | |
| CONNECTICUT, L.L.C. | * | JUDGE TYSON |

### CROSS-CLAIM

NOW INTO COURT, through undersigned counsel, comes AWC, Inc. ("AWC"), which for its cross-claim against Derecktor Shipyards Connecticut, LLC and Robert E. Derecktor, Inc. (collectively "Derecktor"), alleges as follows:

1.

AWC is a Louisiana corporation and has been made a defendant by A.K. Suda, Inc. ("Suda") in the principal demand.

2.

Derecktor is a foreign corporation doing business in Louisiana and has also been made a defendant by Suda in the principal demand.

3.

In May, 2002, AWC and Derecktor entered into an agreement whereby AWC agreed to provide certain electrical design drawings and specifications (the "Contract Work") for Derecktor's use in the construction of a high speed ferry for the State of Alaska.

4.

AWC then subcontracted with Suda to create certain plans and drawings in connection with the Contract Work.

5.

Suda has instituted this action against AWC and Derecktor alleging that it is owed certain amounts for changes requested by Derecktor to its plans and drawings created in connection with the Contract Work (the "Suda Works") and that AWC and Derecktor have violated the copyright protection of the Suda Works.

6.

Suda has alleged that AWC authorized Derecktor's use of the Suda Works in connection with Derecktor's construction of a second ferry without Suda's approval and in violation of copyright law.

7.

AWC has never been in possession of the Suda Works as they were sent directly to Derecktor, and AWC has never authorized Derecktor's use of the Suda Works in connection with the construction of a second ferry.

8.

If, however, the Court finds that AWC is liable to Suda for any copyright infringement, then Derecktor is liable to AWC for that infringement as it was Derecktor, and not AWC, who violated the copyright law.

9.

Suda alleges that it received numerous requests from Derecktor for changes to the scope of the Contract Work and Suda is also seeking recovery from both Derecktor and AWC for amounts it charged for those changes.

10.

To the extent that Derecktor requested any changes beyond the scope of the Contract Work,

and if the Court finds that AWC is liable for those changes, then Derecktor is liable to AWC for such changes as it, not AWC, is the party who requested the changes.

WHEREFORE, AWC prays that after due proceedings be had, that its cross-claim against Derecktor be granted and that it be awarded indemnity from Derecktor for any liability assessed against AWC and in favor of Suda. AWC further prays for all general and equitable relief.

By Attorneys:

KANTROW, SPAHT, WEAVER & BLITZER
(A PROFESSIONAL LAW CORPORATION)
P. O. Box 2997
Baton Rouge, Louisiana 70821-2997
Telephone: 225/383-4703

By: _____
Richard F. Zimmerman, Jr., T.A.
Bar No. 13800
Travis B. Wilkinson
Bar No. 28806
Attorneys for AWC, Inc.

## CERTIFICATE

I hereby certify that a copy of the above and foregoing Cross Claim has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 25 day of February, 2005.

_____
Travis B. Wilkinson